ZAINEY, J.
MARCH 24, 2006

```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

CHRISTOPHER D. FAILLA                              CIVIL ACTION

VERSUS                                             NO. 06-16

DYNASTY DISTRIBUTORS, INC., ET AL.                 SECTION "A"(4)

## ORDER AND REASONS

Before the Court are a **Motion to Set Aside Entry of Default and in the Alternative Motion for New Trial (Rec. Doc. 9)** and a **Motion to Dismiss Complaint (Rec. Doc. 8)** filed by defendants Dynasty Distributors, Inc. and Joseph Martino d/b/a Dynasty, Inc. Plaintiff Christopher D. Failla opposes the motions. The motions, set for hearing on March 22, 2006, are before the Court on the briefs without oral argument. For the reasons that follow, both motions are DENIED.

I.   **BACKGROUND**

Christopher Failla ("Plaintiff") is the owner of residential immovable property located in New Orleans, Louisiana. On June

30, 2004, Plaintiff contracted with defendants Dynasty Distributors, Inc. and Joseph Martino d/b/a Dynasty, Inc. ("Dynasty") to shore and level the concrete slab foundation of the rear apartment for the sum of $22,500.  On September 1, 2004, Harvey Shoring commenced work on the property on behalf of Dynasty pursuant to the contract between Plaintiff and Dynasty.  On November 10, 2004, Plaintiff paid Dynasty in full for the completed job.

On June 28, 2005, Plaintiff contracted with Problem Solved Home Repair to renovate the property including installation of a new roof, facia, overhang, a new electrical system, capping and leveling of all floors, walls, doors and windows for the sum of $42,878.98.  Plaintiff contends that on or about July 2, 2005, Problem Solved advised him that Dynasty had not properly shored the foundation.  Plaintiff then agreed to pay Problem Solved an additional $11,500 to properly shore the foundation.

On August 16, 2005, Plaintiff retained Gurtler Brothers Consultants, Inc. to inspect the work performed on the property by Dynasty and Problem Solved.  According to Plaintiff, Gurtler Brothers concluded that the cost of repairing the problems created by the renovations would likely exceed the value of the house.

On January 3, 2006, Plaintiff filed this lawsuit against Dynasty, Harvey Shoring, Problem Solved, and their respective

insurers.[1]  Dynasty and its principal Joseph Martino were served on January 10, 2006.  On February 6, 2006, Plaintiff moved for entry of default pursuant to FRCP 55(a) against Dynasty and Martino due to their failure to appear, plead, or otherwise defend the lawsuit.  On February 8, 2006, the Clerk entered a default against Dynasty and Martino.  (Rec. Doc. 7).  On February 16, 2006, Dynasty filed the instant motions to set aside the default and to dismiss the complaint.

**II.  DISCUSSION**

   ***A.   The Parties' Contentions***

   In its motion to set aside the entry of default Dynasty raises two points.  First, Dynasty argues that the amount in controversy requirement is not satisfied which means that any judgment issued by this Court is void.  Dynasty also argues that Plaintiff did not meet the requirements for entry of a judgment by default under FRCP 55(b) because Plaintiff's claim is not for a sum certain.

   In its motion to dismiss Dynasty argues it has been misjoined under FRCP 20(a) because Plaintiff's contract claims

---

[1] No entity called Problem Solved is a party to this lawsuit.  Plaintiff has sued Melvin Smith, Evan Lee Brown, and Jeanette Brown d/b/a Problem Solved Home Repair & Painting.  To date, these defendants have not been served.  For clarity, the Court will refer to the Problem Solved defendants collectively as "Problem Solved."  Likewise, the Court refers to Dynasty and Martino jointly as "Dynasty."  Vernon Harvey, Sr. and Vernon Harvey, Jr. d/b/a Harvey Shoring were served on March 4, 2006.

against Dynasty are wholly distinct from those against Problem Solved.  Dynasty seeks dismissal based on misjoinder.  Dynasty once again argues that the amount in controversy is not satisfied because Plaintiff cannot aggregate his claims against Dynasty and Problem Solved--two distinct parties who had wholly separate contracts with Plaintiff.

In opposition, Plaintiff argues that Dynasty has failed to challenge the jurisdictional amount in an appropriate manner.  Plaintiff argues that his good faith plea of damages against Dynasty suffices to establish jurisdiction and that it does not appear to a legal certainty that the amount in controversy does not exceed $75,000.  Plaintiff contends that Dynasty has waived any objection to joinder of the defendants when it allowed entry of a default.  Finally, Plaintiff points out that he did not obtain a judgment by default but rather an entry of default and that he met all of the procedural requirements in doing so.

  **B. *Law & Analysis***

At the outset the Court is not persuaded that Dynasty is entitled to have the entry of default set aside.  First of all, Plaintiff need not have alleged a claim for a sum certain in order to obtain an entry of default from the Clerk.  Rule 55(a) mandates entry of default where a party fails to plead or otherwise defend a suit as provided in the Rules.  Fed. R. Civ. P. 55(a).  On the other hand, entry of a default *judgment* by the

4

Clerk requires a claim for a sum certain.  Fed. R. Civ. P. (b)(1).  No judgment has been entered in this case.  Dynasty is simply confusing the procedural requirements for entry of default and judgment by default.

Second, Rule 55(c) provides that for good cause shown the court may set aside an entry of default.  Fed. R. Civ. P. 55(c).  Dynasty has made no attempt whatsoever to explain why it chose to ignore a summons issued by this Court.  The Court simply has nothing before it upon which it can base a finding of "good cause."[2]

Although Dynasty has failed to persuade the Court that the entry of default should be set aside, the more pressing issue before the Court is subject matter jurisdiction.  If the Court lacks subject matter jurisdiction over the claims against Dynasty then the entry of default is void.  Shirley v. Maxicare Tex., Inc., 921 F.2d 565, 568 (5th Cir. 1991).  Thus, the Court turns its attention to whether it can properly exercise jurisdiction over this dispute.

---

[2] The Court is, however, going to deny Dynasty's motion to set aside the default without prejudice because Dynasty clearly relied upon the wrong standard when moving to set aside the default.  Moreover, "trial by default" is not favored and even an entry of default does not preclude a party from challenging the sufficiency of the complaint.  Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (quoting Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994)).  The Court notes that the factual allegations against Dynasty might very well fall short of that required to entitle Plaintiff to recovery under some of his legal theories.

The district courts of the United States are "courts of limited jurisdiction."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2616-17 (2005) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).  Subject matter jurisdiction can never be forfeited or waived.  Arbaugh v. Y & H Corp., No. 04-944, slip op. at 12 (Feb. 22, 2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)).  Courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from a party.  Id. (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)).  The burden of establishing subject matter jurisdiction in federal court rests with the party seeking to invoke it.  St. Paul Reinsur. Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing Gaitor v. Penninsular & Occidental Steamship Co., 287 F.2d 252, 253-54 (5th Cir. 1961)).

Original jurisdiction based upon diversity of citizenship requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C.A. § 1332(a) (West 1993 & Supp. 2005).  Unless the law provides otherwise, the sum claimed by the plaintiff will control the amount in controversy if the claim is made "in good faith."  Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938); DeAguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995)).  However, dismissal is appropriate where it appears to "a legal

certainty" that the claim is really for less than the jurisdictional amount.  Id. (citing St. Paul Mercury, 303 U.S. at 289).  As the Court long-ago pointed out in St. Paul Mercury Indemnity Co. v. Red Cab Co., the plaintiff knows or should know whether his claim satisfies the amount in controversy.  303 U.S. at 290.  Thus, if later evidence shows the claim never could have amounted to the sum necessary to confer jurisdiction, i.e., that the claim was essentially "feigned", then the court must dismiss the case.  Id.; Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995).

The general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that claims which are "separate and distinct" cannot be aggregated to satisfy the amount in controversy.  Jewell v. Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961).  As a general proposition, claims against multiple defendants can only be aggregated for the purpose of attaining the jurisdictional amount if the defendants are jointly liable to the plaintiff.  Id.; Libby, McNeill, & Libby v. City Nat'l Bank, 592 F.2d 504, 510 (9th Cir. 1978) (quoting United States v. S. Pac. Transp. Co., 543 F.2d 676, 683 n.9 (9th Cir. 1976) ("[T]he plaintiff's claims against the defendants must be common and undivided so that the

defendants' liability is joint and not several.").[3]

Federal Rule of Civil Procedure 20, entitled Permissive Joinder of Parties, provides in pertinent part:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20 (a). However, joinder of multiple defendants under Rule 20 does not *per se* relieve the plaintiff of the burden of establishing that the amount in controversy is satisfied with respect to each defendant. Aetna Cas. & Surety Co. v. Graves, 381 F. Supp. 1159, 1162 (W.D. La. 1974). In other words, in order to *aggregate* claims against multiple defendants who are properly joined under Rule 20(a), their liability to the plaintiff must be joint. Even where the Court has original jurisdiction over the claims against one of the defendants, the Court cannot exercise supplemental jurisdiction over the claims against the other defendant(s) joined under Rule 20(a) if that

---

[3] The civil law concept of *in solido* or solidary liability is the functional equivalent of the common law principle of joint and several liability. Romero v. Witherspoon, 7 F. supp. 2d 808, 811 (W.D. La. 1998) (citing Touchard v. Williams, 617 So. 2d 885, 889 (La. 1993)).

original jurisdiction is diversity jurisdiction. 28 U.S.C.A. § 1367(b) (West 1993); <u>Exxon Mobil</u>, 125 S. Ct. at 2621 ("[Section] 1367(b) explicitly excludes supplemental jurisdiction over claims against defendants under Rule 20.").[4]

Finally, when parties are misjoined under Rule 20(a), Rule 21 allows the court to sever claims for separate disposition. Fed. R. Civ. P. 21.  Rule 21 expressly states that misjoinder of parties is not ground for dismissal of an action.  <u>Id.</u>

---

[4] The supplemental jurisdiction statute provides in relevant part:

> a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. ***Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.***
>
> (b) In any civil action of which the district courts have original jurisdiction founded ***solely on section 1332*** of this title, the district courts shall ***not*** have supplemental jurisdiction under subsection (a) ***over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure***, . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C.A. § 1367 (a), (b) (emphasis added).

Turning now to the instant case several key principles emerge. First, the Rule 20(a) joinder issue is somewhat of a red herring issue. If joinder is *improper* under Rule 20(a) then the Court will simply sever the claims against Dynasty from the claims against the other defendants. Dynasty is entitled to no more and certainly a dismissal in its favor is not required.

Second, *proper* joinder under Rule 20(a) provides no benefit to Plaintiff in establishing subject matter jurisdiction. Rule 20(a) does not allow Plaintiff to aggregate his damages against both sets of defendants because they are not solidarily liable to him. Plaintiff had two different contracts with the two sets of defendants covering two different time periods and each set of defendants is separately liable for the damages it caused, if any. Further, joinder under Rule 20(a) does not provide as basis for exercising supplemental jurisdiction over one of the claims if the Court has original jurisdiction over the other. In sum, in order to maintain this lawsuit as filed, Plaintiff must establish that the amount in controversy against Dynasty exceeds $75,000 *and* that the amount in controversy against the Problem Solved defendants likewise exceeds $75,000. The propriety *vel non* of Plaintiff's decision to join the two sets of defendants in  a single complaint need only be addressed once the Court determines that it has subject matter jurisdiction over both sets of claims.

Plaintiff's contract with Dynasty was for a total of $22,500. Plaintiff has asserted claims against Dynasty for misrepresentation, unfair trade practices, breach of contract, and negligence. Plaintiff seeks recision of the $22,500 contract and return of his money, the cost of completing the work contracted for, continued sustained loss of use, delay damages, statutory penalties,[5] and attorney's fees. In his affidavit,

---

[5] Plaintiff's claims for statutory penalties are based upon the Unfair Trade Practices & Consumer Protection Law, La. Rev. Stat. Ann. § 1401, et seq. (West 2003). The law prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Id. § 1405(A). The law allows for a private right of action and allows attorney's fees, costs, and treble damages to the successful plaintiff. Id. § 1409(A). However, a private action under this law "shall be prescribed by one year running **from the time of the transaction or act** which gave rise to" the right of action. Id. § 1409(E) (emphasis added). Louisiana courts have repeatedly held that the one year period is peremptive in nature rather than prescriptive. Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., 292 F.3d 471, 481 (5th Cir. 2002) (citing America's Favorite Chicken Co. v. Cajun Enters., Inc., 130 F.3d 180, 185 & n.6 (5th Cir.1997)). Peremption is not subject to suspension, interruption, or renunciation. Id. (citing Louisiana v. McInnis Bros. Constr., 701 So. 2d 937, 939 (La. 1997)). The doctrine of contra non valentum, which suspends the running of prescription where the cause of action is not known or reasonably knowable by the plaintiff, is inapplicable to a peremptive period. Id. (citing McInnis Bros. Constr., 701 So. 2d at 939-40).
  According to Plaintiff's complaint his business transaction with Dynasty ended on November 10, 2004, when he paid the final installment on the contract. (Comp. ¶ 12). Plaintiff did not file the instant suit until January 3, 2006, well past the one-year period. However, this Court imposed a suspension of all prescriptive periods following Hurricane Katrina which hit New Orleans on August 29, 2005. The suspension was lifted effective November 25, 2005, which means that prescription began to run again on November 26, 2005. When the nearly three month Katrina

11

Plaintiff attests that in addition to the return of his money, the cost of properly shoring the foundation is at least $120,000 and $40,000 of that should be apportioned to Dynasty.  Plaintiff also attests that the loss of use totals $40,800, and $20,400 of that should be attributable to Dynasty.  Plaintiff expects to incur $50,000 in attorney's fees for this lawsuit, $25,000 of which should be attributed to Dynasty.  Thus, Plaintiff claims that the amount in controversy against Dynasty alone is at least $107,900.  (Failla decl. ¶ 25).

In addition to the $22,500 contract price Plaintiff wants returned, Plaintiff contends that Dynasty damaged his property. Recovery under the Unfair Practices Law includes treble damages and attorney's fees.  Plaintiff is also seeking numerous other elements of contractual damages under Louisiana law.  Although the record does not permit precise quantification of the amount in controversy for the claim against Dynasty, the Court is persuaded that the amount in controversy for this claim exceeds $75,000.  The joinder issue is premature at this point given that the Problem Solved defendants have not been served, and given

---

suspension is taken into account Plaintiff's claims under the Unfair Trade Practices Law are timely.  However, the Court is not certain that the Eastern District's suspension of prescriptive periods has any effect on a *peremptive* period.  For purposes of the subject matter determination, the Court will assume that Plaintiff has a cause of action under the Unfair Trade Practices Law and will factor this in when deciding whether the amount in controversy requirement is met.

that the entry of default against Dynasty remains in place. Regardless, misjoinder does not provide grounds for dismissal.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Complaint (Rec. Doc. 8)** should be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Set Aside Entry of Default and in the Alternative Motion for New Trial (Rec. Doc. 9)** should be and is hereby **DENIED** without prejudice. Plaintiff must file his re-urged motion to set aside the entry of default for good cause no later than **Tuesday, April 4, 2006**, with a noticed hearing date of **Wednesday, April 19, 2006**.

* * * * * * * *

*[signature: Jay C. Zainey]*