```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CHRISTOPHER D. FAILLA                              CIVIL ACTION

VERSUS                                             NO. 06-16

DYNASTY DISTRIBUTORS, INC., ET AL.                 SECTION "A"(4)
```

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss (Rec. Doc. 20)** filed by defendants Vernon Harvey, Sr. and Vernon Harvey, Jr. d/b/a Harvey Shoring Co.  Plaintiff Christopher D. Failla opposes the motion.  The motion, set for hearing on May 31, 2006, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion is DENIED.

**I.   BACKGROUND**

Christopher Failla ("Plaintiff" or "Failla") is the owner of residential immovable property located in New Orleans, Louisiana. On June 30, 2004, Plaintiff contracted with defendants Dynasty Distributors, Inc. and Joseph Martino d/b/a Dynasty, Inc. ("Dynasty") to shore and level the concrete slab foundation of the rear apartment for the sum of $22,500.  On September 1, 2004, Harvey Shoring commenced work on the property on behalf of

Dynasty pursuant to the contract between Plaintiff and Dynasty. On November 10, 2004, Plaintiff paid Dynasty in full for the completed job.

On June 28, 2005, Plaintiff contracted with Problem Solved Home Repair to renovate the property including installation of a new roof, facia, overhang, a new electrical system, capping and leveling of all floors, walls, doors and windows for the sum of $42,878.98.  Plaintiff contends that on or about July 2, 2005, Problem Solved advised him that Dynasty had not properly shored the foundation.  Plaintiff then agreed to pay Problem Solved an additional $11,500 to properly shore the foundation.

On August 16, 2005, Plaintiff retained Gurtler Brothers Consultants, Inc. to inspect the work performed on the property by Dynasty, Harvey,[1] and Problem Solved.  According to Plaintiff, Gurtler Brothers concluded that the cost of repairing the problems created by the renovations would likely exceed the value of the house.  On January 3, 2006, Plaintiff filed this lawsuit against Dynasty, Harvey Shoring, Problem Solved, and their respective insurers.

## II. DISCUSSION

Harvey moves to dismiss the case on several grounds.  First, Harvey contends that the Court lacks subject matter jurisdiction

---

[1] For clarity, the Court will refer to defendants Vernon Harvey, Sr. and Vernon Harvey, Jr. d/b/a Harvey Shoring collectively as "Harvey."

2

because the amount in controversy as to each defendant in the case, but particularly as to Harvey, does not exceed $75,000. Harvey points out that Failla cannot aggregate his claims against all defendants to satisfy the amount in controversy.  Second, Harvey points out that Failla lacks contractual privity with Harvey and therefore cannot recover against Harvey for breach of contract.  Finally, Harvey argues that Failla's claim under the Louisiana Unfair Trade Practices Act is perempted.

In opposition, Failla argues that it does not appear to a legal certainty that Failla's claims against Dynasty and Harvey are for less than $75,000.  Failla contends that even absent privity of contract he states a claim against Harvey for misrepresentation, negligence, and unfair trade practices. Finally, Failla argues that his unfair trade practices claim is timely due to this Court's suspension of deadlines following Hurricane Katrina and pursuant to La. R.S. 9:5822(A).

In its prior ruling denying Dynasty's motion to dismiss the complaint the Court stated in dicta that Failla would be required to establish the amount in controversy with respect to each defendant given that the defendants were joined under Rule 20(a) which does not permit the exercise of supplemental jurisdiction. However, upon further review of the allegations contained in the complaint it is clear that Failla is claiming that Dynasty and Harvey *jointly* damaged his property.  As the Court stated in its

3

prior ruling, Failla has established that the amount in controversy regarding his claim is well in excess of $75,000.  At this juncture the Court cannot and need not attempt to apportion the alleged damages between the named defendants in order to exercise subject matter jurisdiction over the claims of each defendant.  Rather, it suffices to say that the amount in controversy on Failla's claim exceeds $75,000 and the defendants are alleged to have acted jointly to cause that damage.  Therefore, the Court has subject matter jurisdiction over the claims against Harvey.

As for the lack of contractual privity, Failla concedes that he is not seeking to recover against Harvey under a breach of contract theory.  In Louisiana liability for damages caused to the property of another need not be based on a contractual relationship.  See La. Civ. Code art. 2315.  Accordingly, the absence of an express contract between Failla and Harvey is not grounds for dismissal.

In response to Hurricanes Katrina and Rita the Louisiana Legislature enacted Revised Statute 9:5822 which provides in relevant part:

> All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006. This

>   limited suspension and/or extension shall terminate on
>   January 3, 2006, and any right, claim, or action which
>   would have expired during the time period of August 26,
>   2005, through January 3, 2006, shall lapse on January 4,
>   2006.

La. Rev. Stat. § 9:5822(A).  According to the complaint Harvey completed its work on Failla's property in early September 2004.  One year from that date would fall squarely within the time frame addressed by section 5822(A), supra.  Failla filed the instant suit on January 3, 2006.  His claims are therefore timely.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 20)** filed by defendants Vernon Harvey, Sr. and Vernon Harvey, Jr. d/b/a Harvey Shoring Co. should be and is hereby **DENIED**.

\* \* \* \* \* \* \* \*

*[signature]*